CRAIG W. DUFORD, State Bar No. 305823
*craig@dufordlaw.com*
VICTORIA NELSON, State Bar No. 326021
*vnelson@dufordlaw.com*
DUFORD LAW, LLP
3611 Fifth Ave
San Diego, CA 92103
Ph:  (619) 565-5077
Fax:  (619) 354-2449
Attorneys for Plaintiff
BRITTANY CASTRO

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

BRITTANY CASTRO, an individual,

Plaintiff,

vs.

CLASSY, INC., a California corporation; ADAM AARONS, an individual; DINA RULLI, an individual; SONJA ZIVIC, an individual; and DOES 1 to 100, inclusive.

Defendants.

Case No.: **'19CV2246 H     BGS**

**COMPLAINT FOR**
1. **Disability Discrimination – ADA violation, 42 U.S.C. §12101 et seq.;**
2. **Disability Discrimination – FEHA violation, Gov. Code §12940 et seq.;**
3. **Failure to Accommodate – ADA violation, 42 U.S.C. §12101 et seq.;**
4. **Failure to Accommodate – FEHA violation, Gov. Code §12940 et seq.;**
5. **Failure to Engage in the Interactive Process - FEHA violation, Gov. Code §12940 et seq.;**
6. **Retaliation – ADA violation, 42 U.S.C. § 12101 et seq.;**

**COMPLAINT FOR DAMAGES**

1

7. **Retaliation – FEHA violation, Gov. Code §12940 et seq.;**
8. **Wrongful Constructive Termination;**
9. **Gender Discrimination;**
10. **Intentional Infliction of Emotional Distress**

**DEMAND FOR JURY TRIAL**

Plaintiff, BRITTANY CASTRO ("Plaintiff"), by and through her attorneys of record, DuFord Law, LLP, hereby alleges the following against Defendants, CLASSY, INC. ("Classy") as for Plaintiff's Complaint and Jury Demand:

## PRELIMINARY STATEMENT

1.      This is an action against Classy under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., the Americans with Disability Act of 1990, 42 U.S.C. §§ 12101 et seq., the Pregnancy Discrimination Act (PDA), 42 U.S.C. § 2000e(k), as well as state and local anti-discrimination laws, for its unlawful discrimination and retaliation against Plaintiff based on her pregnancy, disability, and associational disability, among other employment claims. This action seeks monetary damages to redress Classy's violation of state and federal law.

2.      As her employer, Classy subjected Plaintiff to disability, gender, pregnancy discrimination, harassment and retaliation.

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over this action pursuant to the U.S. Constitution, Article III and 28 U.S.C. § 1331, as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title I of the Americans with Disability Act, Title VII of the Civil Rights Act, and their applicable regulations described in this Complaint.

**COMPLAINT FOR DAMAGES**

4.     Plaintiff's state law claims have a common nucleus of applicable facts and are so related to those under which this Court has original jurisdiction that they form part of the same case or controversy. Supplemental jurisdiction is therefore appropriate over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.     This Court has personal jurisdiction over all Defendants because all acts or omissions by Defendants, as well as Plaintiff's injuries arising from those acts or omission, occurred in the San Diego County, State of California.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). All of the events alleged herein occurred within the state of California, and at the time of the events giving rise to this litigation, all of the parties resided in California.

## PARTIES

7.     Plaintiff BRITTANY CASTRO ("Plaintiff"), is and at all times relevant to this Complaint, was a citizen of the United States and a resident of, and domiciled in, San Diego County, California.

8.     Defendant CLASSY, INC. ("Classy") is, and at all times relevant to this Complaint, was a corporation headquartered in San Diego County, California, doing business in San Diego County, California through their corporate office located at 350 10th Avenue, Suite 1300, San Diego, California, 92101.

9.     At all relevant times to this Complaint, Defendant Classy is and was Plaintiff's "employer," as such term is defined under the Americans with Disability Act of 1990 (the "ADA") at 42 U.S.C §§ 12101 et seq.

10.     At all relevant time to this Complaint, Defendant Classy is and was Plaintiff's "employer," as such term is defined under the California Fair Employment and Housing Act (the "FEHA") at California Government Code §§ 12900 et seq.

**COMPLAINT FOR DAMAGES**

11.     Defendant ADAM AARONS ("Aarons"), an individual, is now, and at all relevant times mentioned in this Complaint, a resident of California. Defendant Aarons is the Chief Revenue Officer and President of aforementioned Defendant, Classy.

12.     Defendant DINA RULLI ("Rulli"), an individual, is now, and at all relevant times mentioned in this Complaint, a resident of California. Rulli is the Head of Human Resources of the aforementioned Defendant, Classy.

13.     Defendant SONJA ZIVIC ("Zivic"), an individual, is now, and at all relevant times mentioned in this Complaint, a resident of California. Zivic is a Sales Manager of the aforementioned Defendant, Classy.

14.     Defendants DOES I through 100, are and at all times relevant to this Complaint, were employees, agents, and/or members of the Board of Directors of Classy. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES I through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will pray leave of this court to amend this complaint to allege the true names and capacities when ascertained.

15.     Plaintiff is informed and believes, and thereon alleges, that each of the defendants herein was, at all times relevant to this action, the agent, employee, representing partner, or joint venturer of the remaining defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

## PROCEDURAL REQUIREMENTS

16.     Prior to commencing this civil action, and within the time provided by law, Plaintiff filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC").

**COMPLAINT FOR DAMAGES**

17.    On August 13, 2019, Plaintiff filed a charge of discrimination with the EEOC in San Diego, California. The charge was filed within 300 days of the occurrence of one or more of the alleged unlawful employment practices that violated 42 U.S.C. § 2000e, et seq.

18.    On August 17, 2019, Plaintiff received a Notice of Right to Sue from the EEOC. Plaintiff is filing this complaint within 90 days of receiving the Notice of Right to Sue. (*See* EEOC Right-to-Sue Letter attached hereto as **Exhibit A**.)

## FACTUAL BACKGROUND

19.    In September 2017, Plaintiff began her employment with Classy.

20.    Since beginning her employment, Plaintiff has maintained the role of Sale Development Representative ("SDR") at Classy and has excelled in her job duties.

21.    Plaintiff was a top performer in her sales team and consistently brought in high revenues for Classy.

22.    Plaintiff was Classy's top preforming salesperson in 2018 and received an award for sales in 2018.

23.    Throughout Plaintiff's tenure with Classy, Plaintiff was never notified of any issues regarding her job performance or professionalism.

24.    In approximately June or July of 2018, Plaintiff learned that she was pregnant with her first child.

25.    After a few months had passed, Plaintiff began discussing the options she had for maternity leave with various Classy employees.

26.    In or around November 2018, Plaintiff discussed with her manager at the time, Ms. Shianne Sampson ("Ms. Sampson") an arrangement that would allow her to work remotely from home after returning from her maternity leave.

27.    In an effort to support Plaintiff during her upcoming maternity leave, Classy's employee Ms. Sampson, took steps to arrange a modified pay structure for Plaintiff's leave, noting Plaintiff was a top achiever and valuable team member. The pay structure was intended to provide Plaintiff with compensation and to allow her to continue earning her commissions on opportunities that were created by Plaintiff before her maternity leave started.

28.    Classy had previously arranged the same or similar modified pay structure for other Classy employee's in the past, both male and female.

29.    Not long after her then manager Ms. Sampson confirmed these arrangements for Plaintiff's maternity leave, Ms. Sampson left her employment with Defendant Classy.

30.    In November 2018, shortly after Ms. Sampson left employment with Classy, Plaintiff reached out to her then current manager, Defendant Aarons, to confirm the maternity leave pay structure that had been promised to her by her previous manager.

31.    In December 2018, prior to her planned maternity leave, Plaintiff discussed and confirmed with multiple Classy managers about the arrangements for her to work remotely from home.

32.    On or around December 21, 2018, Plaintiff received an email from Classy Senior Sales Manager, Ms. Olivia Neilsen-Meredith ("Ms. Neilsen-Meredith"), informing Plaintiff that the previously approved arrangement for Plaintiff to work remotely was not approved because "Classy does not have a Work from Home policy" and that she had "not been provided with any verbal or written communication that approves [Plaintiff] to permanently work from home post maternity leave."

**COMPLAINT FOR DAMAGES**

6

33.     However, Ms. Neilsen-Meredith quickly contradicted the aforementioned statement by confirming the prior promise by Classy, writing in the same December 21, 2018 email, "I am aware that Shianne guaranteed/promised you the ability to work remote, full time, post your maternity leave."

34.     After receiving the above referenced e-mail regarding her promised remote position, Plaintiff inquired with Defendant Aarons about Plaintiff's agreed upon pay structure, to which he responded by saying that he would "not be paying her on target" and that he "no longer felt comfortable with [Plaintiff] working from home."

35.     Defendant Aarons unilaterally made the decision to deny Plaintiff the previously agreed upon benefits.

36.     In or around December 2018, Plaintiff received an email from another Classy manager explaining Classy's inability to accommodate a remote position for Plaintiff.

37.     This email stated that "working remotely is considered on a team by team basis by that team's executive leader."

38.     However, the December 2018 statement did not provide a legitimate business reason why Plaintiff should be excluded from Classy's practice of allowing employees to work remotely following maternity leave.

39.     This Classy manager concluded his December 2018 email by stating that Classy "valued [Plaintiff's] contribution to Classy and [Classy] hopes to be as supportive as possible with [Plaintiff's] transition into motherhood [sic]," but that Classy "must also keep in line with [their] company policies and procedures…and cannot make individual exceptions to the policy."

**COMPLAINT FOR DAMAGES**

40.     Inconsistent with this statement, Plaintiff is informed and believes that Classy currently has five (5) individual employees approved for remote working accommodations, one (1) of whom is a member of the SDR team with Plaintiff.

41.     Plaintiff is also informed and believes that Classy has made international remote work accommodations for at least two (2) employees in the past, allowing them to work remotely from the Philippines and France.

42.     In addition, a Classy manager stated to Plaintiff that the "SDR organization needs to work in the office and [Classy] cannot accommodate a permanent work from home policy."

43.     However, such an accommodation was recently made for another Classy SDR team member.

44.     The team member from the SDR team that was recently permitted to work from home is a man.

45.     Classy has never provided an explanation as to why the agreement to allow Plaintiff to work remotely and the special pay structure was reneged.

## MATERNITY LEAVE PRIOR TO BIRTH

46.     Plaintiff began her leave on March 1, 2019, just over three (3) weeks prior to the birth of her son.

47.     On March 15, 2019, Plaintiff had not received updated information about her pay compensation and new pay structure.

48.     On March 15, 2019, Plaintiff emailed Classy Sales Manager and Defendant Zivic, to inquire about a meeting held on March 14, 2019 regarding pay plans, that Plaintiff was not told about.

49.     Zivic responded by telling Plaintiff that her pay compensation was supposed to be based off of her commission structure from February 2019.

**COMPLAINT FOR DAMAGES**

50.     However, Plaintiff was never given a breakdown of her pay in February 2019.

51.     Plaintiff responded to Zivic and advised her that Plaintiff was not informed of her pay scale and therefore was unsure whether or not her paycheck was accurate while on maternity leave.

52.     Zivic responded by stating that she would "let [Plaintiff] know when [she heard] back", and that she was "not sure how it will look."

### EVENTS AFTER BIRTH

53.     On March 26, 2019, Plaintiff delivered her first child.

54.     Plaintiff's son was born with a very rare and random genetic mutation called Treacher Collins. This condition occurs in about one (1) out of every one hundred and fifty thousand (150,000) births.

55.     The condition causes significant craniofacial abnormalities and is characterized by breathing problems, problems seeing, and hearing loss.

56.     As a result of Plaintiff's son's medical conditions, he requires twenty-four (24) hour supervision.

57.     Plaintiff has home health care for her son for the majority of the day including work hours.

58.     However, there must always be at least two (2) adults in close proximity to Plaintiff's son to be able to replace his tracheostomy tube or address any other highly probable medical emergency that is likely to occur as a result of his condition.

59.     Accordingly, when another adult is not available to be at home with Plaintiff's son and the nurse, Plaintiff must be at home and present in the event that such medical emergency should occur.

60.     Plaintiff has been advised by doctors that she should work from home to be available in case of such medical emergency.

61.     Plaintiff informed Classy of her son's disability in approximately April 2019, in writing, including recommendations from Plaintiff's son's doctor.

62.     From approximately April 2019 when Plaintiff informed Classy of her son's disability, Classy continued to give Plaintiff the run around regarding her compensation and ability to work remotely.

63.     After learning of Plaintiff's son and his disability, Classy failed to engage with Plaintiff in the interactive process to determine appropriate accommodation.

64.     Despite Plaintiff's very unique and unfortunate circumstances and the fact that an agreement was promised to Plaintiff by her previous manager, Classy continues to discriminate against Plaintiff by preventing the accommodation of a schedule allowing Plaintiff to execute her job duties remotely.

65.     Classy's refusal to accommodate Plaintiff's circumstances contradicts past company practices by Classy whereby numerous Classy employees have been allowed to work remotely.

66.     Allowing Plaintiff to execute her duties remotely would not create an undue hardship for the company and is a reasonable accommodation for Classy to implement because various other Classy employees in the same or similar position have been permitted to work remotely in the past.

67.     The fact that various other Classy employees in the past have been permitted to work from home or other remote locations further suggests that not allowing Plaintiff to execute her duties remotely is being applied in a discriminatory manner.

**COMPLAINT FOR DAMAGES**

10

68.   Despite Plaintiff's requests, Classy has not provided a reason Plaintiff's job duties cannot be done from home like other sales jobs.

69.   On or around August 4, 2019, Plaintiff met with Classy's Human Resources Manager to discuss her concerns surrounding Classy's refusal to accommodate her situation.

70.   During this August 4, 2019 conversation, Human Resource Manager Ms. Dina Rulli ("Rulli"), stated that "the budget doesn't allow remote work from home" and that there were "no positions open that allow work from home."

71.   Each of Rulli's statements are directly contradicted by the true facts surrounding Classy's remote work policy as multiple Classy employees were or are currently working remotely in various positions in the company, including Plaintiff's position.

72.   In that same August 4, 2019 conversation, Rulli told Plaintiff that Rulli's "suggestion would be to find another job."

73.   On or around August 6, 2019, Plaintiff met with Zivic to address and inquire into whether Classy would make the required accommodation Plaintiff would need to care for her child with disabilities.

74.   Zivic explained that Plaintiff's position had never been a work from home position and that if they made accommodations for one person, they would have to do it for others.

75.   However, as mentioned above, Classy knew or should have known that there were numerous Classy employees working in a remote capacity, including one (1) employee working in Plaintiff's position as a SDR.

76.   On or around August 13, 2019, during her maternity leave, Plaintiff realized she was locked out of her Classy e-mail.

**COMPLAINT FOR DAMAGES**

77.     Plaintiff repeatedly sent requests to Classy manager Mr. Mark Sanders and Zivic for assistance in recovering her email access; Classy failed to respond to Plaintiff's repeated requests for access.

78.     On or around August 15, 2019, in response to Plaintiff's continued request for Classy to make reasonable accommodations so that she may continue to work for the company despite her disabling circumstances, Classy presented Plaintiff with the following options: (1) return to her full-time in-office role on the SDR team, (2) a severance package offering three (3) months' severance pay, or (3) an arrangement whereby Plaintiff could work remotely in a part time capacity.

79.     The third option provided to Plaintiff was found to be insufficient for Plaintiff to care properly for her son and his disability and the option was quickly taken off the table by Classy.

80.     In each of the options presented to Plaintiff, her choice was effectively either to quit her job or to keep it and risk the life of her disabled son.

81.     Classy's inconsistent employment practices indicate their discriminatory conduct against Plaintiff.

82.     For example, Classy had organized baby showers for other team members, including a male team member whose wife was pregnant, but did not organize any such event for Plaintiff.

83.     Further, Classy has in the past organized donation pages for Classy employees who had experienced a difficult or trying event, including one donation fund for an employee's sibling who was not a Classy employee.

84.     When Plaintiff notified Classy representatives of the severe condition of her newborn, her email notification did not even receive a response from Classy representatives.

**COMPLAINT FOR DAMAGES**

85.    In or around the end of August 2019, Classy representatives knowingly continued to harass Plaintiff and interfere with her employment opportunities by making numerous attempts to contact Plaintiff's prospective employer.

## FIRST CAUSE OF ACTION

### Disability Discrimination – Violation of the ADA

### 42 U.S.C. § 12101, *et seq.*

### (Against Defendant Classy and DOES 1-100)

86.    Plaintiff hereby repeats, re-alleges, and incorporates by reference all of the foregoing and subsequent paragraphs in this Complaint as though these paragraphs were set forth in full herein.

87.    Employers are prohibited by the ADA from discriminating against qualified individuals on the basis of disability in any aspect of the employment relationship including specifically any terms conditions, or privileges of employment. 42 U.S.C. § 12112(a).

88.    An employer must make reasonable accommodations to the known physical or mental limitations of an otherwise qualified applicant or employee, unless the employer can prove that the accommodation would cause an undue hardship on the operation of the business. 42 U.S.C. §12112(b)(5)(A).

89.    Classy violated ADA by failing to provide a reasonable accommodation to Plaintiff in light of her pregnancy and circumstances surrounding the birth of her son.

90.    Furthermore, Classy violated the ADA by discriminating against Plaintiff and effectively terminating her employment due to her association with someone with a disability.

91.     At all times herein mentioned, ADA was in in full force and effect and fully binding upon Classy. Plaintiff is a member of a group protected by the statute.

92.     Plaintiff is the mother of a young child that has physical impairments that substantially limit one or more of his major life activities.

93.     Plaintiff is able to perform the essential job duties with reasonable accommodations for the physical disabilities and medical condition of her child.

94.     At all times during her employment, Plaintiff was otherwise qualified to do her job. Classy denied Plaintiff such accommodation.

95.     Classy did not address in good-faith or grant Plaintiff's request for accommodation.

96.     Despite Classy's knowledge of the physical disabilities and needs of Plaintiff's child, Classy failed to engage in an interactive process to determine how to accommodate Plaintiff's condition.

97.     As a direct, foreseeable and proximate result of Classy's unlawful conduct, Plaintiff has suffered, and continues to suffer damages, including economic losses and emotional distress, in an amount to be determined at trial.

98.     Classy's actions were willful, malicious, and oppressive, and were committed with the wrongful intent to injure the Plaintiff and in conscious disregard of Plaintiff's rights.

99.     Classy, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

//

//

//

**COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION

### Disability Discrimination – Violation of FEHA

### California Government Code § 12940, *et seq.*

### (Against Defendant Classy and DOES 1-100)

100.   Plaintiff hereby repeats, re-alleges, and incorporates by reference all the foregoing and subsequent paragraphs in this Complaint as though these paragraphs were set forth in full herein.

101.   California Government Code § 12940 states that "[i]t shall be an unlawful employment practice . . . for an employer, because of . . . physical disability . . . to discriminate against the person . . . in terms, conditions, or privileges of employment." Gov Code § 12940(a).

102.   During her course of employment with Classy, Plaintiff gave birth to her son who suffers from a severe and rare genetic disability and medical condition that requires ongoing medical treatments and limits his major life activities.

103.   Classy was informed about Plaintiff's son's disability and knew that her son's disability required her to be within close proximity to her him.

104.   Plaintiff repeatedly demonstrated that she was and is able to perform her essential job duties with an accommodation, such as working remotely. At all times during her employment, Plaintiff is and was otherwise qualified to do her job.

105.   During meetings with Classy, Classy suggested Plaintiff either return to work full time or sever from the company, and that Plaintiff would not be able to work remotely even in a part time capacity.

106.   Plaintiff is informed and believes that Classy has made a remote work accommodation for a male employee in the same or similar sales based position as Plaintiff in the past.

107.   After learning of Plaintiff's associational disability, Classy failed to accommodate Plaintiff's circumstances and did not engage in an interactive process to determine how to accommodate Plaintiff's circumstances.

108.   Plaintiff was constructively discharged and forced to resign from Classy because Classy failed to accommodate her disability.

109.   As a result of Classy's conduct, Plaintiff has suffered damages, including economic losses and emotional distress, in an amount to be determined at trial.

110.   Classy's actions were willful, malicious, and oppressive, and were committed with the wrongful intent to injure the Plaintiff and in conscious disregard of Plaintiff's rights.

111.   Classy, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

## THIRD CAUSE OF ACTION

### Failure to Accommodate – Violation of ADA

### 42 U.S.C. § 12101, *et seq*.

### (Against Defendant Classy and DOES 1-100)

112.    Plaintiff hereby repeats, re-alleges, and incorporates by reference all the foregoing and subsequent paragraphs in this Complaint as though these paragraphs were set forth in full herein.

113.   It is unlawful under the ADA for an employer "not [to] mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee." 42 U.S.C. § 12112(b)(5)(A); see also 29 C.F.R. § 1630.9.

**COMPLAINT FOR DAMAGES**

114.   Pursuant to the Code of Federal Regulations, "[t]o determine the appropriate reasonable accommodation, it may be necessary for the covered entity to initiate an informal, interactive process with the individual with a disability in need of the accommodation." 29 C.F.R. § 1630.2(o)(3); see also C.F.R. 1630.9.

115.   Classy has a duty to provide reasonable accommodations to its employees, such as Plaintiff, who are disabled within the meaning of the ADA.

116.   During the course of her employment with Classy, Plaintiff experienced the birth of her son who suffers from a severe physical disability and medical condition that requires ongoing medical treatments and limits major life activities.

117.   Plaintiff's association with her son, as a blood relative, qualifies her for a disability under the ADA.

118.   At all times relevant, Classy was informed and knew of Plaintiff's circumstances following her delivery and maternity leave that required her to be within close proximity to her child.

119.   Plaintiff was able to perform the essential job duties with reasonable accommodation for the physical disability and medical condition of her son. At all times during her employment, Plaintiff was otherwise qualified to do her job.

120.   Classy failed to reasonably accommodate Plaintiff by only providing unviable options for her to return to work following her maternity leave and son's birth and diagnosis.

121.   As a result of Classy's conduct, Plaintiff has suffered damages including economic losses and emotional distress, in an amount to be determined at trial.

**COMPLAINT FOR DAMAGES**

122.   Classy's actions were willful, malicious, and oppressive, and were committed with the wrongful intent to injure the Plaintiff and in conscious disregard of Plaintiff's rights.

123.   Classy, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

## FOURTH CAUSE OF ACTION

### Failure to Accommodate – Violation of FEHA
### California Government Code § 12940, *et seq.*
### (Against Class and DOES 1-100)

124.   Plaintiff hereby repeats, re-alleges, and incorporates by reference all the foregoing and subsequent paragraphs in this Complaint as though these paragraphs were set forth in full herein.

125.   During the course of her employment with Classy, Plaintiff experienced the birth of her son who suffered from a severe physical disability and medical condition that requires ongoing medical treatments and limits major life activities.

126.   Classy was informed and knew of Plaintiff circumstances following her delivery and maternity leave that required her to be within close proximity to her child.

127.   Plaintiff was able to perform the essential job duties with reasonable accommodation for the physical disability and medical condition of her son. At all times during her employment with Classy, Plaintiff was otherwise qualified to do her job.

128.   Classy failed to reasonably accommodate Plaintiff by only providing nonviable options for her to return to work following her maternity leave and son's birth and diagnosis.

129.   As a result of Classy's conduct, Plaintiff has suffered damages including economic losses and emotional distress, in an amount to be determined at trial.

130.   Classy's actions were willful, malicious, and oppressive, and were committed with the wrongful intent to injure the Plaintiff and in conscious disregard of Plaintiff's rights.

131.   Classy, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

## FIFTH CLAIM FOR RELIEF

**Failure to Engage in the Interactive Process – Violation of FEHA**

**California Government Code § 12940, *et seq*.**

**(Against Classy and DOES 1-100)**

132.   Plaintiff hereby repeats, re-alleges, and incorporates by reference all the foregoing and subsequent paragraphs in this Complaint as though these paragraphs were set forth in full herein.

133.   During the course of her employment with Classy, Plaintiff experienced the birth of her son who suffered from a severe physical disability and medical condition that requires ongoing medical treatments and limits major life activities.

134.   Classy was informed and knew of Plaintiff's circumstances following her delivery and maternity leave that required her to be within close proximity to her child.

135.   Plaintiff was able to perform the essential job duties with reasonable accommodation for the physical disability and medical condition of her son. At all times during her employment, Plaintiff was otherwise qualified to do her job.

136.   Plaintiff attempted to obtain reasonable accommodations and was willing to participate in the interactive process to determine reasonable accommodation.

137.   Classy failed to engage in a timely good-faith interactive process with Plaintiff to determine an effective reasonable accommodation.

138.   As a result of Classy's conduct, Plaintiff has suffered damages, including economic losses and emotional distress, in an amount to be determined at trial.

139.   Classy's actions were willful, malicious, and oppressive, and were committed with the wrongful intent to injure the Plaintiff and in conscious disregard of Plaintiff's rights.

140.   Classy, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

//

//

//

//

//

**COMPLAINT FOR DAMAGES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SIXTH CLAIM FOR RELIEF

### Retaliation – Violation of ADA

### 42 U.S.C. § 12101, *et seq.*

### (Against Classy and DOES 1-100)

141.   Plaintiff hereby repeats, re-alleges, and incorporates by reference all the foregoing and subsequent paragraphs in this Complaint as though these paragraphs were set forth in full herein.

142.   The discharge of an employee in retaliation for resisting employer violations of laws that secure important public policies contravenes those policies and gives rise to a common law action in tort.

143.   Plaintiff was denied reasonable accommodation and subsequently constructively discharged for asserting her statutory and constitutional rights to engage in protected activity, such as requesting a reasonable accommodation from her employer and inquiring in and requesting updated information regarding her pay structure.

144.   Classy's violation of Plaintiff's statutory and constitutional rights is inconsistent and hostile to the public's interest in asserting rights and has a chilling effect on such protected activity.

145.   Classy's arguments for denying reasonable accommodation and discharging Plaintiff are pretextual in nature and calculated to disguise the motivating basis of the adverse employment action to which Plaintiff was subjected.

146.   As a result of Classy's conduct, Plaintiff has suffered damages, including economic losses and emotional distress, in an amount to be determined at trial.

147.   Classy's actions were willful, malicious, and oppressive, and were committed with the wrongful intent to injure the Plaintiff and in conscious disregard of Plaintiff's rights.

148.   Classy, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

### SEVENTH CLAIM FOR RELIEF

**Retaliation – Violation of FEHA**

**California Government Code § 12940 *et seq*.**

**(Against Classy and DOES 1-100)**

149.   Plaintiff hereby repeats, re-alleges, and incorporates by reference all the foregoing and subsequent paragraphs in this Complaint as though these paragraphs were set forth in full herein.

150.   The discharge of an employee in retaliation for resisting employer violations of laws that secure important public policies contravenes those policies and gives rise to a common law action in tort.

151.   Plaintiff was denied reasonable accommodation and subsequently constructively discharged for asserting her statutory and constitutional rights to engage in protected activity, such as requesting a reasonable accommodation from her employer and inquiring in and requesting updated information regarding her pay structure. Classy's violation of Plaintiff's statutory and constitutional rights is inconsistent and hostile to the public's interest in asserting rights and has a chilling effect on such protected activity.

152.   Classy's arguments for denying reasonable accommodation and discharging Plaintiff are pretextual in nature and calculated to disguise the motivating basis of the adverse employment action to which Plaintiff was subjected.

153.   As a result of Classy's conduct, Plaintiff has suffered damages, including economic losses and emotional distress, in an amount to be determined at trial.

154.   Classy's actions were willful, malicious, and oppressive, and were committed with the wrongful intent to injure the Plaintiff and in conscious disregard of Plaintiff's rights.

155.   Classy, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

## EIGHTH CAUSE OF ACTION
### Constructive Wrongful Termination
### (Against Classy and DOES 1-100)

156.   Plaintiff hereby repeats, re-alleges, and incorporates by reference all the foregoing and subsequent paragraphs in this Complaint as though these paragraphs were set forth in full herein.

157.   Plaintiff was subjected to discriminatory disparate treatment because of the disabilities of her child and her gender.

158.   As set forth above, Plaintiff requested a reasonable accommodation to allow her to work remotely and be present in case of a medical emergency due to her child's disabilities and medical condition.

159.   Plaintiff was denied this accommodation despite the fact that similar accommodations had been made for other employees.

**COMPLAINT FOR DAMAGES**

160.   Plaintiff was told that her specific position as SDR was required to work in office, but a male colleague in the same position is permitted to work remotely.

161.   Plaintiff felt she had no viable option other than to constructively terminate her employment as she had no other option than to be within close proximity to her son in case of a medical emergency.

162.   It is the public policy of the State of California, as expressed in the California Fair Employment and Housing Act, that employees shall not be subjected to disparate treatment on account of their gender or physical disability.

163.   As a result of Classy's conduct, Plaintiff has suffered damages, including economic losses and emotional distress, in an amount to be determined at trial.

164.   Classy's actions were willful, malicious, and oppressive, and were committed with the wrongful intent to injure the Plaintiff and in conscious disregard of Plaintiff's rights.

165.   Classy, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

## NINTH CAUSE OF ACTION

**Gender Discrimination – Violation of FEHA**

**California Government Code § 12940, et seq.**

**(Against Classy and DOES 1-100)**

166.   Plaintiff hereby repeats, re-alleges, and incorporates by reference all the foregoing and subsequent paragraphs in this Complaint as though these paragraphs were set forth in full herein.

COMPLAINT FOR DAMAGES

167.   During the course of her employment with Classy, Plaintiff was discriminated against on the basis of her gender. The discrimination included, but was not limited to, comments from a co-worker that Plaintiff should not apply for the manager position because she wanted to have kids and being retaliated against for exercising her right to inquire to Defendant Aarons about the modified pay structure that would be implemented during her maternity leave.

168.   When Plaintiff mentioned her exceptional performance and target numbers to support the request for pay structure modification, she was told by a Classy manager that she should be more humble when asking for maternity leave.

169.   As a result of Classy's conduct, Plaintiff has suffered damages, including economic losses and emotional distress, in an amount to be determined at trial.

170.   Classy's actions were willful, malicious, and oppressive, and were committed with the wrongful intent to injure the Plaintiff and in conscious disregard of Plaintiff's rights.

171.   Classy, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial

## TENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

### (Against All Defendants)

172.   Plaintiff hereby repeats, re-alleges, and incorporates by reference all the foregoing and subsequent paragraphs in this Complaint as though these paragraphs were set forth in full herein.

**COMPLAINT FOR DAMAGES**

173.     Defendants' conduct as set forth above was extreme, outrageous and exceeded the bounds of human decency. This conduct was intended to cause severe emotional distress or was done in reckless disregard of the probability of, causing severe emotional distress.

174.     As an actual and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer severe and continuous humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in an amount according to proof at the time of trial.

175.     Defendants' actions were willful, malicious, and oppressive, and were committed with the wrongful intent to injure the Plaintiff and in conscious disregard of Plaintiff's rights.

176.     Classy, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for relief and judgment against Defendants as follows:

1.     For general and compensatory damages in an amount according to proof at trial;

2.     For special damages in an amount according to proof at trial;

3.     For punitive damages to punish, deter and make an example of Defendants;

4.     For costs of litigation incurred herein;

5.     For attorney's fees and costs pursuant to statute;

**COMPLAINT FOR DAMAGES**

6.      For such other and further relief as this Court deems proper and just under all of the circumstances.

Dated: November 22, 2019

Respectfully submitted:

DUFORD LAW, LLP


By: /s/ *Craig W. DuFord*
CRAIG W. DUFORD
VICTORIA NELSON
Attorneys for Plaintiff BRITTANY CASTRO

**COMPLAINT FOR DAMAGES**

1

2

## DEMAND FOR JURY TRIAL

3

Plaintiffs hereby request a jury on all claims so triable in this case.

4

5

Dated: November 22, 2019                    Respectfully submitted,
                                            DUFORD LAW, LLP

6

7                                           By: /s/ *Craig W. DuFord*
                                            CRAIG W. DUFORD
8                                           VICTORIA NELSON
                                            Attorneys for Plaintiff BRITTANY
9                                           CASTRO

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

28