# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY CASTRO,<br><br>         Plaintiff,<br><br>v.<br><br>CLASSY, INC., a California corporation; ADAM AARONS, an individual; DINA RULLI, an individual; SONJA ZIVIC, an individual, and DOES 1 to 100, inclusive,<br><br>         Defendants. | Case No.: 3:19-cv-02246-H-BGS<br><br>**ORDER DENYING MOTIONS TO DISMISS**<br><br>[Doc. Nos. 19, 20, 21, and 22.] |

On November 25, 2019, Plaintiff Brittany Castro, commenced this civil action against Defendants Classy, Inc., Adam Aarons, Dina Rulli, and Sonja Zivic (Defendants) alleging violations of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq. ("ADA"), California's Fair Employment and Housing Act ("FEHA"), and a variety of other state law causes of action. (Doc. No. 1.)[1] On December 17, 2019, Defendants filed a

---

[1] The Court retains the right to dismiss the state law causes of action at a later time if it determines in its discretion that supplemental jurisdiction is no longer appropriate.

motion to dismiss. (Doc. No. 6.) On January 7, 2020, Plaintiff filed the amended complaint. (Doc. No. 15.) On January 21, 2020, Defendant Classy, Inc., Ruli, and Zivic filed motions to dismiss the amended complaint. (Doc. Nos. 19-21.) On January 27, 2020, Defendant Aarons filed a motion to dismiss the amended complaint. (Doc. No. 22.) On February 14, 2020, Plaintiff responded. (Doc. No. 23.) On February 24, 2020, Defendants replied. (Doc. Nos. 24-27.) On February 28, 2020 the Court determined that the motions were fit for resolution without oral argument and vacated the scheduled hearing. (Doc. No. 28.) For the following reasons, the Court **DENIES**, Defendants' motions to dismiss.

## I. BACKGROUND

This case arises from a dispute between Plaintiff Brittany Castro and her former employer Classy, Inc. ("Classy"). The amended complaint contains the following factual allegations. Plaintiff Brittany Castro was a Sales Development Representative at Classy (Doc. No. 1. at ¶21.) Plaintiff began her employment at Classy in September of 2017. (Id. at ¶20.) In the Summer of 2018, Plaintiff became aware that she was pregnant. (Id. at ¶25.) In November of 2018, Plaintiff began discussing remote working options with her manager Ms. Shianne Sampson. (Id. at ¶27.) Ms. Sampson also helped develop a modified pay structure for Plaintiff during her maternity leave in order to provide Plaintiff with compensation and earn commissions on opportunities that were created by Plaintiff before the maternity leave period. (Id. at ¶28.) However, later that month, Ms. Sampson left Classy. (Id. at ¶31.)

In December 2018, Plaintiff "discussed and confirmed" her desire to work remotely with several Classy managers. (Id. at ¶32.) On or around, December 21, 2019, Classy Senior Sales Manager, Ms. Olivia Neilsen-Meredith, emailed Plaintiff that she would not be able to work remotely after her maternity leave because "Classy does not have a Work from home policy . . . ." (Id. at ¶33) Following the December 21, 2019 email, Plaintiff reached out to Defendant Aarons about her pay structure and desire to work remotely. (Id. at ¶35.) Defendant Adam Aarons, Chief Revenue Officer and President of Classy, told Plaintiff that Classy would "not be paying her on target" and that he "no longer felt

comfortable with [Plaintiff] working from home." (Id.) Plaintiff received similar explanations from other Classy managers. (Id. at ¶37-40.)

On March 1, 2019, Plaintiff began her maternity leave. (Id. at ¶47.) On March 15, 2019, Plaintiff emailed Defendant Sonja Zivic, a Sales Manager at Classy, about her compensation. (Id. at ¶49.) Defendant Zivic responded that she was not sure how Plaintiff's pay would look. (Id. ¶53.)

On March 26, 2019, Plaintiff's first child was born. Plaintiff's son was born with Treacher Collins - a rare genetic mutation. (Id. ¶55.) Around April 2019, Plaintiff informed Classy about her son's disability. (Id. ¶63.) Four months later, on or around August 4, 2019, Plaintiff met with Classy's Human Resource Manager, Defendant Dina Rulli ("Rulli"), to discuss her desire to work from home. (Id. ¶70.) At that meeting, Rulli told Plaintiff that "the budget doesn't allow remote work from home" and that there were "no positions open that allow work from home." (Id. ¶71.) Rulli also allegedly told Plaintiff that her "suggestion would be to find another job." (Id. ¶73.) On or around August 6, 2019, Plaintiff met with Defendant Zivic. (Id. ¶74.) At that meeting, Defendant Zivic told Plaintiff that her job had never been a work from home position and that if they had to make accommodations for her they would have to do it for others. (Id. ¶75.)

On August 15, 2019, Classy offered Plaintiff the following options: (1) return to her prior full-time in-office role (2) a severance package offering three months pay or (3) a part time remote work position. (Id. ¶79.) Plaintiff found each of these options to be unacceptable and did not resume her employment with Classy. (Id. ¶79.) For the purposes of a motion to dismiss, the court is required to accept as true all facts alleged in the complaint and draws all reasonable inferences in favor of the claimant. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014).

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to argue that a complaint "fail[s] to state a claim upon which relief can be granted." The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of

Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (alteration in original). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (alteration in original) (quoting Twombly, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570); see also Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "[F]acts that are 'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. Id. (quoting Twombly, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. Id. at 678–79 (citing Twombly, 550 U.S. at 555). This review requires "context-specific" analysis involving the Court's "judicial experience and common sense." Id. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " Id. (quoting Fed. R. Civ. P. 8(a)(2) ).

### III.  Discussion

Defendant Classy, Defendant Dina Rulli, Classy's Human Resource Manager, Defendant Zivic, a Sales Manager at Classy, and Defendant Aarons, President and Chief

Revenue Officer at Classy, each bring separate motions to dismiss. Defendant Classy brings a motion to dismiss every cause of action except the claim for gender discrimination under the FEHA. Defendants Aarons, Zivic, and Rulli each bring a motion to dismiss the cause of action for intentional infliction of emotional distress.

**1. ADA Claims Against Defendant Classy**

Plaintiff claims that Defendant Classy discriminated against her by not allowing her to work from home, to care for her disabled son thereby effectively terminating her employment. (Doc. No. 1. at ¶97-98.) Defendant argues Classy could not have discriminated against Plaintiff based on her son's disability because it also declined to allow her to work from home before her son was born. (Doc. No. 19-1 at 7.)

Title I of the ADA prohibits employment discrimination "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a); Lopez v. Pac. Mar. Ass'n, 657 F.3d 762, 764 (9th Cir. 2011) ("[t]he ADA prohibits employment decisions made because of a person's qualifying disability"). To state a prima facie claim under the ADA, Plaintiff must demonstrate: (1) that she is a "qualified individual" within the meaning of the ADA; (2) that she can perform the essential functions of her job; and, (3) that she suffered an adverse employment action because of the disability. Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996); see also, Nunes v. Wal–Mart Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999).

The amended complaint cites to both 42 U.S.C. § 12112(b)(4) and 42 U.S.C. § 12112(b)(5)(A). Section 12112(b)(4) specifies that prohibited discrimination under the ADA includes "denying equal jobs or benefits ... because of the known disability of an individual with whom the qualified individual is known to have a relationship." Section 12112(b)(5)(A) specifies that discriminating against a qualified employee also includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee . . . ." Plaintiff's opposition clarifies that she is only "asserting that Defendant discriminated against her due to her relationship to her disabled son . . . ." and that she is not seeking a

failure to provide a reasonable accommodation under the ADA (Doc. No. 23 at 4.)

In discrimination by association cases, courts have generally required that a plaintiff show a causal connection between the adverse employment action and her association with a disabled person. See e.g. Austin v. Horizon Human Servs. Inc., No. CV-12-02233-PHX-FJM, 2014 WL 1053620, at *2 (D. Ariz. Mar. 19, 2014); Den Hartog v. Wasatch Academy, 129 F.3d 1076, 1085 (10th Cir. 1997). The standard for proving associational discrimination claim is an open question in the Ninth Circuit. Bukiri v. Lynch, 648 Fed.Appx. 729, 731 n.1 (9th Cir. 2016) (collecting cases and listing tests adopted by other circuits, including "determining factor," "motivating factor," and whether a plaintiff's "case falls within one of three categories of cases encompassing [the] intended scope of [the] associational discrimination subsection" of the ADA).

Here, Plaintiff has sufficiently alleged a causal connection between her association with her disabled child and Defendant's alleged discrimination. Plaintiff's amended complaint alleges that she "informed Classy of her son's disability . . . in writing, including recommendations from" her doctor that Plaintiff should work from home. (Id. at ¶63.) Plaintiff's amended complaint also alleges that "Classy was aware of the physical disabilities and needs of Plaintiff's child" when it denied her request to work from home. (Doc. No. 1 at ¶104.) And that Classy "effectively terminat[ed] her employment due to her association with someone with a disability." (Id. at ¶98.)

In reviewing a Rule 12(b)(6) motion to dismiss, this Court must accept as true all facts alleged in the complaint and draws all reasonable inferences in favor of the claimant. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). Accordingly, based on the allegations in the amended complaint, the Court concludes that it pleads facts sufficient to establish Plaintiff's ADA claim. As a result, the Court denies the motion to dismiss the ADA claim.

**2. FEHA Claims Against Defendant Classy**

Defendant Classy moves to dismiss Plaintiff's claims under the FEHA arguing: (1)

that the statute only applies to employees or applicants with a disability and (2) the FEHA does not require an employer to engage in an interactive process or reasonable accommodation on the basis of a family member's disability. Plaintiff opposes.

Under the FEHA, it is unlawful for an employer "to discriminate against [a] person in compensation or in terms, conditions, or privileges of employment" because of a person's race, gender, or physical disability. Cal. Gov. Code § 12940(a). To state a prima facie case of discrimination under the FEHA, a plaintiff must allege and ultimately show that: (i) she was a member of a protected class; (ii) she was qualified for the position she sought or was performing competently in the position she held; (iii) she suffered an adverse employment action; and (iv) the employer acted with a discriminatory motive. See Lawler v. Montblanc N. Am., LLC, 704 F.3d 1235, 1242 (9th Cir. 2013); Guz v. Bechtel Nat'l, Inc., 24 Cal.4th 317, 355 (Cal. 2000).

Defendant argues that only an employee or applicant with a disability can bring a claim under the FEHA and that Plaintiff alleges no qualifying disability. (Doc. No. 19-1 at 9.) In support of this argument, Defendant points to the legislative findings and declarations for §12926. (Doc. No. 19 at 9.) Plaintiff responds that the FEHA clearly provides a cause of action for associational discrimination by expansively defining physical disability to include an association with a person with a physical disability. (Doc. No. 23 at 8.) Plaintiff is correct.

The starting point for any inquiry into statutory meaning is the text of the statute itself. In interpreting a California statute, the Court must look to Californian principles of statutory construction. See Credit Suisse First Boston Corp. v. Grunwald., 400 F.3d 1119, 1126 (9th Cir. 2005.) "'[I]n the interpretation of a statute where the language is clear, its plain meaning should be followed.'" Id. (citing Sec. Pac. Nat'l Bank v. Wozab, 51 Cal.3d 991, 998 (Cal. 1990.)) Here the text of the statute defines a physical disability as including a "person [that] is associated with a person who has, or is perceived to have, any of those characteristics." Cal. Gov't Code § 12926(o). The language of the statute is clear. See Int'l Ass'n of Machinists & Aerospace Workers, Local Lodge 964 v. BF Goodrich Aerospace

Aerostructures Grp., 387 F.3d 1046, 1051 (9th Cir. 2004) (finding that only if the text of the statute is unclear does a court look at extrinsic indicia).

Additionally, California courts have recognized that the "FEHA provides a cause of action for associational disability discrimination . . . ." Castro-Ramirez v. Dependable Highway Express, Inc., 2 Cal.App.5th 1028, 1036 (2016) (quoting Rope v. Auto-Chlor System of Washington, Inc., 220 Cal.App.4th 635, 657 (2013)). And while the California Supreme Court has not yet held that FEHA provides a cause of action for associational discrimination, the decisions of California's appellate courts are "not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" Kwan v. SanMedica International., 854 F.3d 1088, 1093 (9th Cir. 2017.)

Thus, FEHA's definition of disability includes a cause of action for associational discrimination. Plaintiff alleges that "Classy was informed about Plaintiff's son's disability and knew that her son's disability required her to be within close proximity to him." (Doc. No. 15 at ¶113.) This is sufficient to allege associational disability discrimination under FEHA's broad statutory framework.

Next, Defendant Classy contends that even if FEHA prohibits associational discrimination, the statute does not extend such protection to the provision of a reasonable accommodation or engagement in an interactive process on the basis of a person's association with a disabled person. (Doc. No. 19 at 10-11.) Defendant Classy argues that the protection based on association with a disabled person "only applies to the statutory sections which contain the quoted phrase found in Section 12926, subdivision (o)'s definition that explicitly refers to association with a person who has or is perceived to have a disability." (Id.) Defendant Classy argues that Sections 12940(a),(b),(c),(d),(j) explicitly refer to and protect against associational discrimination but that Sections 12940(m) and (n) do not. (Id.) This argument lacks merit. None of the sections contain the words "associational discrimination," rather they incorporate it through the definition of physical disability in § 12926(o). California Government Code § 12940(m)(1) lays out an

employer's responsibility to provide a reasonable accommodation for a disabled employee. California Government Code § 12940(n) requires an employer to engage in an interactive process with an employee or applicant with a known physical or mental disability. Both statutes are subject to the same broad definition of physical disability encompassed in Cal. Gov't Code § 12926(o). Consequently, Plaintiff's allegations regarding her son's disability are sufficient to make out a claim under both sections. Accordingly, based on the allegations in the amended complaint, the Court concludes that the amended complaint pleads facts sufficient to establish Plaintiff's FEHA claims. Consequently, the Court denies the motion to dismiss Plaintiff's FEHA claims for disability discrimination, failure to accommodate, and failure to engage in an interactive process, Plaintiff's Third, Fourth, and Fifth causes of action.

**3. Family and Medical Leave Act Claims Against Defendant Classy**

Plaintiff brings a claim for a violation of the Family and Medical Leave Act against Defendant Classy. Defendant Classy argues that this claim should be dismissed because there are no allegations in the amended complaint that Plaintiff was denied leave or retaliated against for taking leave. (Doc. No. 19 at 11.) Plaintiff responds that she was presented three options for employment following the birth of her child and none of them included unpaid leave. (Doc. No. 23 at 11.) As a result, she contends that she has alleged a cause of action under the Family and Medical Leave Act.

"The Family and Medical Leave Act creates two interrelated, substantive employee rights: first, the employee has a right to use a certain amount of leave for protected reasons, and second, the employee has a right to return to his or her job or an equivalent job after using protected leave." Bachelder v. Am. W. Airlines, Inc., 259 F.3d 1112, 1122 (9th Cir. 2001) (citing 29 U.S.C. §§ 2612(a), 2614(a) ). It is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" these rights. 29 U.S.C. § 2615(a)(1); Sanders v. City of Newport, 657 F.3d 772, 778 (9th Cir. 2011). Considering the allegations in the amended complaint as a whole, these claims are better suited for resolution at summary judgment when the record is more fully developed. Accordingly,

the Court declines to dismiss Plaintiff's claims for violating the Family and Medical Leave Act at this time.

### 4. Retaliation Claims Against Defendant Classy

Plaintiff claims that Defendant retaliated against her for requesting a reasonable accommodation.[2] (Doc. No. 15 ¶192.) A prima facie case of retaliation requires a plaintiff to show that: (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there was a causal link between the two. Pardi v. Kaiser Found. Hosp., 389 F.3d 840, 849 (9th Cir. 2004).

Defendant argues that Plaintiff relies on the wrong statutory section in pleading her case and that she fails to adequately plead a prima facie case of retaliation. (Doc. No. 19-1 at 14.) Defendant also argues that since Plaintiff was offered "her exact same job back upon expiration of her leave" that this "refutes any inference of retaliation." (Id.) Defendant contends that Plaintiff has not adequately alleged that "she engaged in protected activity. . . ." (Id.) In opposition, Plaintiff points out that Defendant knew about her son's disability and continued to deny her requests to work from home despite allowing other employees with similar roles the ability to do so. (Doc. No. 15 ¶63-69.)

In reviewing a Rule 12(b)(6) motion to dismiss, this Court must accept as true all facts alleged in the complaint and draws all reasonable inferences in favor of the claimant. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). Under this framework, Plaintiff's allegations are sufficient to plead her retaliation claim under the ADA and FEHA, but Defendant is free to bring a motion for summary judgment after the record is more fully developed. Plaintiff's request for a reasonable accommodation to work from home and take care of her disabled child is considered a protected activity. Pardi v. Kaiser Found. Hosp., 389 F.3d 840, 849–50 (9th

---

[2] The Ninth Circuit has explained that in analyzing ADA retaliation claims precedent from Title VII cases applies. See T.B. ex rel. Brenneise v. San Diego Unified School Dist., 806 F.3d 451, 472-73 (9th Cir. 2015.) Since Title VII is the "federal counterpart to the FEHA. . . ." the Court will analyze the ADA and FEHA retaliation claims concurrently. Rodriguez v. Airborne Express., 265 F.3d 890, 896 n. 4 (9th Cir. 2001.)

Cir. 2004). And at the prima facie stage of a retaliation case, "the causal link element is construed broadly so that a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated." Poland v. Chertoff., 494 F.3d 1174, 1182 n. 4 (9th Cir. 2007.) Plaintiff has alleged as much by claiming that Defendant knew of her son's disability and continued to decline her requests to work from home despite allowing other employees the opportunity to do so. (Doc. No. 15 ¶63-69.) This is sufficient to satisfy the pleading standards articulated by the Ninth Circuit for retaliation claims. Accordingly, the Court denies the motion to dismiss the federal and state law retaliation claims.

**5. Constructive Discharge Against Defendant Classy**

Plaintiff brings action for constructive discharge and constructive termination in violation of public policy due to her taking maternity leave and her relationship with her disabled child. She argues that "she had no viable option other than to constructively terminate her employment with Classy" in order "to be within close proximity to her son in case of a medical emergency." (Doc. No. 1. at 15.) Constructive discharge allows employees who resign to bring wrongful discharge claims as if they were involuntarily terminated. Turner v. Anheuser–Busch, Inc., 7 Cal.4th 1238, 1244–45 (1994). In effect, the employer coerces the employee to resign. See Mullins v. Rockwell, 15 Cal.4th 731, 737-40 (1997). The California Supreme Court has explained that in order to plead a prima facia case of constructive discharge, a Plaintiff must plead that:

> the employer either intentionally created or knowingly permitted working conditions that were so intolerable or aggravated at the time of the employee's resignation that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign.

Turner v. Anheuser-Busch, Inc., 7 Cal.4th 1238, 1251 (Cal. 1994.) A claim for wrongful discharge in violation of fundamental public policy requires the Plaintiff to alleges that her dismissal "violated a policy that is (1) fundamental, (2) beneficial for the public, and (3) embodied in a statute or constitutional provision." Id.

Defendant argues that Plaintiff has not "alleged a single instance of 'extraordinary or egregious conduct." (Doc. No. 19 at 16.) Defendant maintains that Plaintiff resigned because the "[c]ircumstances of Plaintiff's life changed, and her job at Classy no longer fit into it." (Id.) Plaintiff responds that "it is sufficiently extreme and outrageous conduct to discrimination[sic] against an employee for their relationship to a disabled child . . . ." (Doc. No. 23 at 16.) Plaintiff also alleges that she was terminated "because she exercised her right to take maternity leave" and because of her relationship with her disabled child (Doc. No. 15 ¶301, 315.)

In reviewing a motion to dismiss, the court views the facts contained in the pleadings in the light most favorable to the Plaintiff and must draw all reasonable inferences in their favor. Cedars-Sinai Medical Center v. National League of Postmasters of U.S., 497 F.3d 972, 975 (9th Cir. 2007). Plaintiff alleges throughout the amended complaint that she was treated differently because of her association with her disabled child. (See Doc. No. 15 ¶65, 76.) The Court concludes that Plaintiff has alleged sufficient facts to survive a motion to dismiss. Accordingly, the Court denies the motion to dismiss Plaintiff's causes of action for constructive discharge and constructive termination in violation of public policy due to her taking maternity leave and her relationship with her disabled child, Plaintiff's Twelfth, Eighteenth, and Nineteenth causes of action.

**6. Intentional Infliction of Emotional Distress Against All Defendants**

Plaintiff brings several claims for intentional infliction of emotional distress against all Defendants. To state a claim for intentional infliction of emotional distress, Plaintiff must allege: (1) outrageous conduct by Defendants, (2) Defendants intentionally caused or recklessly disregarded the probability of causing emotional distress, (3) Plaintiff suffered severe or extreme emotional distress, and (4) Defendants' outrageous conduct was the actual and proximate cause of their emotional distress. Trerice v. Blue Cross of Cal., 209 Cal.App.3d 878, 883 (1989). Conduct is outrageous if it is "so extreme as to exceed all bounds of that usually tolerated in a civilized society." Id.

Defendants argue that Plaintiff does not plead "outrageous conduct beyond the bounds of human decency" but instead describes instances of management and personnel decisions which cannot make out a claim for intentional infliction of emotional distress. (Doc. No. 19 at 16.) Defendants also argue that Plaintiff's claims are "subsumed by worker's compensation remedies," citing to Miklosy v. Regents of University of California, 44 Cal.4th 876, 902 (Cal. 2008) (explaining that conduct that occurred in the "normal course of the employer-employee" relationship could only be remedied by workers compensation). (Doc. No. 22 at 5.) However, Miklosy recognized certain exceptions to this general rule, including when alleged conduct "contravenes fundamental public policy" and "exceeds the risks inherent in the employment relationship. . . ." Id. Plaintiff alleges several intentional discriminatory and retaliatory acts against her throughout the amended complaint, including violations of public policy that could exceed the risks inherent in the employment relationship. This alleged conduct could satisfy an exception articulated in Miklosy. Considering the allegations in the amended complaint as a whole, this claim is better suited for resolution at summary judgment when the record is more fully developed. Accordingly, the Court denies the motion to dismiss Plaintiff's intentional infliction of emotional distress claims at this time.

**7. Breach of Oral Contract and Covenant of Good Faith and Fair Dealing**

Plaintiff brings a claim for breach of an oral contract and of the covenant of good faith and fair dealing against Defendant Classy. Under California law, contracts may be oral or written. See Cal. Civ. Code §§ 1622, 1644. "The elements of a breach of oral contract claim are the same as those for a breach of written contract." Stockton Mortg., Inc. v. Tope, 233 Cal. App. 4th 437, 453 (Cal. Ct. App. 2014). To state a claim for breach of contract, a plaintiff must allege the following elements: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (Cal. Ct. App. 2008). A claim for breach of the implied covenant of good faith and fair dealing requires the same elements, except that instead of showing that

defendant breached a contractual duty, the plaintiff must show that defendant deprived the plaintiff of a benefit conferred by the contract in violation of the parties' expectations at the time of contracting. Carma Developers, Inc. v. Marathon Development California, Inc., 2 Cal.4th 342, 372–73 (Cal. 1992).

Defendant argues that Plaintiff alleges no enforceable contract because she was an at will employee. (Doc. No. 19 at 18.) Furthermore, Defendant also argues that Plaintiffs continued employment constituted an acceptance in the modified terms of her employment and precludes suit for breach of contract or the covenant of good faith and fair dealing. (Id.) Plaintiff argues that she had an implied in fact contract with Classy based upon her discussions with Ms. Sampson. (Doc. No. 23 at 17.) Plaintiff also maintains that her continued employment was not a ratification of any changes in her job at Classy because she was unaware of any changes. (Id. at 18.) Plaintiff's amended complaint alleges that Defendant did not provide clarity on her pay structure following her maternity leave. (Id.)

At this stage of the proceeding, Plaintiff has adequately pleaded the existence of an oral contract. Plaintiff alleges that she had a discussion with her manager in November of 2018, where the manager agreed to allow her to work remotely. (Doc. No. 15. ¶27.) Subsequently, Plaintiff alleges, that Classy reneged on this agreement. (Id. ¶227.) In light of the allegations in the amended complaint as a whole, these claims are better suited for resolution at summary judgment when the record is more fully developed. Accordingly, the Court denies the motion to dismiss Plaintiff's breach of oral contract and breach of covenant of good faith and fair dealing claims at this time.

**8. Hostile Work Environment Against Defendant Classy**

Plaintiff brings two claims for a hostile work environment under both federal and state law. (Doc. No. 15 ¶243-298.) In order to state a claim for workplace harassment or hostile work environment under Title VII, a plaintiff must allege facts indicating that: (1) the plaintiff "was 'subjected to verbal or physical conduct' because of her race or sex, (2) 'the conduct was unwelcome,' and (3) 'the conduct was sufficiently severe or pervasive to alter the conditions of [the Plaintiff's] employment and create and abusive work

environment.'" Manatt v. Bank of Am., 339 F.3d 792 (9th Cir. 2003) (reciting elements for a hostile work environment claim). In order to state a claim under state law, a Plaintiff must: (1) show the plaintiff belongs to a protected group; (2) the plaintiff was subject to unwelcome harassment because of being a member of that group; and (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. See Aguilar v. Avis Rent A Car System, Inc., 21 Cal. 4th 121, 130 (1999).

Defendant argues that Plaintiff's amended complaint does not allege facts that rise to the level of "conduct actionable under Title VII." (Doc. No. 19 at 22.) Plaintiff argues that she was subject to "decisions that fell outside the scope of that which is necessary to business and personnel management." (Doc. No. 23 at 21.) For example, Plaintiff's amended complaint alleges that she was told not to "apply for the manager position because Plaintiff wanted to have kids" and that she should have been "more humble" when asking for maternity leave. (Doc. No. 15. ¶291-92.) Plaintiff also alleges that she was "uncomfortable and felt that it was unsafe to return to work." (Id. at ¶267.) Considering the allegations in the amended complaint as a whole, these claims are better suited for resolution at summary judgment when the record is more fully developed. Accordingly, the Court denies the motion to dismiss Plaintiff's claims for hostile work environment.

### 9. Violation of California's Pregnancy Disability Leave Law

Plaintiff brings a cause of action under California's Pregnancy Disability Leave Law against Defendant Classy. Under section 12945(a)(3)(A) of the Pregnancy Disability Leave Law, an employer must not refuse "to provide reasonable accommodation for an employee for a condition related to pregnancy, childbirth, or a related medical condition, if the employee so requests, with the advice of the employee's health care provider." § 12945(a)(3)(A). Defendant argues that Plaintiff does not allege that she suffered a disability at all, let alone a disability intrinsic to her pregnancy or childbirth. (Doc. No. 19-1 at 13.)

California courts interpreting the Pregnancy Disability Leave Law have narrowly construed its application. See Williams v. MacFrugal's Bargains – Close Outs, Inc., 67

Cal.App.4th 479, 483 (Cal. App. 2d Dist. 1998) (noting that "the statute is narrowly drawn to cover only the period of actual physical disability on account of pregnancy, childbirth, or related medical conditions.")

Plaintiff's cause of action for a violation of the Pregnancy Disability Leave Law realleges the factual allegations made throughout the amended complaint, including that Plaintiff suffered "severe emotional distress" and that she was told to be "more humble" when requesting maternity leave. (Doc. No. 15 ¶153,291-92.) Considering the allegations in the amended complaint as a whole, these claims are better suited for resolution at summary judgment when the record is more fully developed. Accordingly, the Court denies the motion to dismiss Plaintiff's cause of action under the Pregnancy Disability Leave Law.

## CONCLUSION

For the reasons above, the Court **DENIES** Defendants' Motions to Dismiss. The Court orders Defendants to answer Plaintiff's amended complaint by **April 1, 2020.**

**IT IS SO ORDERED.**

DATED: March 2, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT